## SUPREME COURT.

### GEORGE BELDING agt. ISAAC CONKLIN.

*The necessary disbursements and fees of officers allowed by law*, under the code, cannot be recovered by the prevailing party, where he is not allowed to recover *costs*.

*Held*, that all the sections referring to this subject, are consistent with the doctrine that *costs*, as the term is used in the code, are composed, 1st. Of the certain sums allowed in lieu of lawyers' fees. 2d. Of the fees of officers. 3d. Disbursements—such as postages, witnesses' fees, printing bills, &c.—BARCULO, *Justice.*

In an action for slander, where the plaintiff recovered but six cents damages, *held*, that he was *not* entitled to recover, under the code, *the necessary disbursements and fees of officers*, but only six cents costs.

[It will be seen that the decision in this case is directly adverse to the one in *Taylor and wife* agt. *Gardner, ante*, page 67, and *Newton* agt. *Sweet et al. ante*, page 134.]

*Dutchess Special Term, Dec.* 1849.—This was an action of slander, tried at the Dutchess circuit, in October, 1849. A verdict was rendered for the plaintiff of *six cents*. In entering up the judgment, the clerk inserted the plaintiff's disbursements and officer's fees, to the amount of $77. 12. The defendant now moves to strike out this allowance upon the ground that it is not allowable under the code.

S. DEAN, *for defendant.*

WM. ENO, *for plaintiff.*

BARCULO, Justice.—It is admitted that under the former statutes the term " costs " embraced the fees of attorney and counsel and of all officers, as well as the disbursements allowed by law. It is also conceded, that under the former practice the plaintiff in this case could only recover six cents costs, and could not recover the fees of officers and disbursements allowed by the clerk.

The reason that the law did not allow any more costs than damages in such cases, seems to have been, that the plaintiff did not show himself to be *sufficiently in the right,* to be entitled to recover his expenses from the opposite party. The propriety of the suit was supposed to be evidenced by the amount of the verdict. If the jury gave damages to the amount of fifty dollars, the action was deemed meritorious, and full costs were awarded. If the verdict was less than fifty dollars, the plaintiff could recover no more costs than damages ; and was only excused from the payment of costs, by the cause of action being beyond the jurisdiction of a justice's court.

But it is contended, on the part of the plaintiff, that the code has introduced a new rule, and affixed a new meaning to the term " costs." It

becomes necessary, therefore, to look carefully into this act in order to ascertain whether the Legislature have really made an innovation which involves the inconsistency and injustice of denying to the plaintiff the small sum allowed in the place of attorney and counsel fees, and giving him the larger sum of disbursements.

The law on this subject is found in title X. of the code, entitled " of the costs in civil actions. The first section (§ 303) repeals the former statutes regulating the fees of attorneys, solicitors and counsel, and in lieu thereof provides that " there may be allowed to the prevailing party, upon the judgment, certain sums by way of indemnity for his expenses in the action ; which allowances are in this act termed costs." It is proper here to remark that the object of this allowance, termed costs, is to *indemnify* the party for his *expenses*, which consist quite as much of the fees of witnesses and officers, as of lawyers ; and it would be passing strange if the Legislature should deem the charges of lawyers entitled to special protection. Again these costs are to be allowed to the *prevailing party*, that is the party who prosecutes a meritorious action, or defends successfully.

But it is said that this section gives a new *definition* to the word costs, which runs through the code. I do not so understand it. There is nothing in the language which necessarily excludes the fees of officers and disbursements from the term *costs*, generally. Let us suppose that, in fixing the fees of referees at three dollars a day, the Legislature had added, "which allowance is in this act termed costs :" would this phrase have been equivalent to declaring that *nothing else should be termed costs?* Clearly not. The fees of every officer, spoken of *severally*, are properly called *costs;* and when they are all collected together they constitute a *bill of costs*. And I apprehend that the framers of the section in question did not mean to restrict the word costs *generally* to the allowance for attorneys', solicitors' and counsel fees, but merely intended to affix that meaning for the purposes of brevity and precision in adjusting the rates of allowance made in section 307. Indeed, it is quite manifest that the only sections in the whole title in which the term is used in a limited sense, are sections 307 and 311. In all the other sections it is used in its ordinary comprehensive sense, defined by Webster to be " the sum fixed by law or allowed by the court for charges of a suit awarded against a party losing in favor of the party prevailing."

Thus in section 304, there is nothing that indicates an intention to restrict the term : but the contrary is evinced by the provision that in certain cases " no costs *other than disbursements* shall be allowed." The whole of this section is very nearly a transcript of the former acts, and

I am unable to discover any intention on the part of the law-makers to alter its construction. I have no doubt that when provision was made, giving costs to the plaintiff in an action to recover real property, &c., the code-makers intended to embrace the fees of officers and disbursements to the same extent as was allowed under a similar section of the Revised Statutes. And I am just as well satisfied that, in enacting that the plaintiff should recover no more costs than damages in an action of slander, if he recovers less than fifty dollars, reference was had to the existing rule : and that it was intended to allow no more costs of any kind than damages, and that it was never contemplated that, in addition to a gross sum as costs, and equal in amount to the verdict, there should be allowed a large sum as fees of officers and disbursements.

In the next section, which declares that costs shall be allowed of course to the defendant, unless the plaintiff be entitled to them, the term is obviously used in a general and not in a restricted sense ; and includes disbursements and fees of officers. For, otherwise, it might, in many cases, be doubtful which party should recover disbursements, &c. For instance, in an action to recover money, if the plaintiff recover a sum less than fifty dollars, the defendant is entitled to costs. But, if *costs* are limited to the fixed sum given in lieu of attorney and counsel fees, which party is to recover disbursements and fees of officers ? The plaintiff prevails perhaps to the extent of forty-nine dollars ; and if it is true, as has been said, that it matters not to what extent he prevails, if he prevail at all, he is entitled to his disbursements, &c., then it might follow, that the defendant would be entitled to recover costs and the plaintiff recover disbursements, &c. ; which is an absurdity hardly to be presumed. The only mode of escaping this dilemma is to say that the *prevailing party* is the party *entitled to full costs*, which, as I shall hereafter show, is entirely inconsistent with the doctrine that disbursements follow a recovery of six cents in an action of slander.

So in section 306, which makes costs discretionary in certain cases, the word is manifestly used in its ordinary sense.

Section 307 is one of those in which its meaning is limited. The true sense of that section may be thus expressed. " When full costs are allowed, the sum fixed as an indemnity for the expenses of employing legal aid, shall be as follows."

Section 310 directs the clerk to add the interest on a verdict for money to the costs of party entitled thereto. I think there can be no doubt that the word costs here refers to the *bill of costs*, and not to the gross allowance.

We now come to section 311, upon the construction of which this question depends. It provides that "the clerk shall insert in the entry of judgment, on the application of the *prevailing party*, upon two days' notice to the other, the sum of the charges for costs, *as above provided*, and the necessary disbursements and fees of officers allowed by law, including the compensation of referees and the expense of printing the papers upon any appeal."

This language, it is contended, secures to the plaintiff his disbursements, &c. in this case. Its meaning obviously turns mainly upon the interpretation put upon the phrase *prevailing party*. This phrase can only mean the party entitled to the allowances "above provided" in section 307. In other words, it refers to the party entitled *to full costs*. It cannot mean the party who prevails upon the verdict, unless he prevails so as to be entitled to full costs. For, as before stated, a party recovering forty-nine dollars in an action for the recovery of money, is the prevailing party upon the verdict, but not as to costs. The defendant is the real *prevailing party*, because he is entitled to costs; and consequently he, and not the plaintiff, is entitled to recover his disbursements and fees of officers.

But let us illustrate this a little further. We will suppose that section 311 has been omitted. The law would then have stood substantially as it did before, with the exception of the fixed allowances given by section 307 instead of lawyers' fees. The costs would then have to be taxed by a taxing officer, under the same rules and principles as formerly governed. No one would have pretended that any change had been made in respect to the allowance of disbursements, &c.; nor would any one have claimed that they could be recovered by a party not entitled to full costs.

Now, the whole object of section 311 was to substitute the clerk in the place of the *taxing officer*. The clerk is now to fix the amount of costs; and although the word *tax* is no longer used, the substance of the duty remains the same as before. In order to make this duty plain, the code specifies the items of costs to be allowed by him to the prevailing party. He is to take the gross sum of charges given by section 307, to which he is to add the per centage, if any is allowed, the fees of officers according to the services performed; the fees of referees, if any, the fees of witnesses and other disbursements, as they appear by the affidavits produced. These all added together constitute the *bill of costs*.

It is a perversion of language to say that because the clerk is directed to insert the sum of the charges for costs, as before provided, and the disbursements, &c., therefore these latter are *not costs*. With equal propriety

might it have been said, under the old statute, that sheriff's and clerk's fees, taxed in with the attorney's allowance of ten dollars on a judgment by default were not costs.

Section 315 authorizes the court to award costs on a motion not exceeding ten dollars. Can it be supposed that this sum is not to include disbursements ? Can it be contended that, when such costs are entered into a final judgment, the clerk can add thereto the postages and clerk's fees on the motion ?

Again, section 316 renders a guardian responsible for the costs which may be adjudged against an infant plaintiff. Are we to say that the term is here used in a restricted sense, so that he is only liable for the trifling sum fixed as an indemnity for lawyers' fees ?

And in regard to sections 317, 318, 319, 320 and 321, which provide for costs against executors—costs of special proceedings brought into this court by appeal—costs in actions prosecuted in the name of the people—and for costs against the assignee of a cause of action ; it is quite clear that the word *costs* is used in its broad sense, and includes all fees and disbursements. Any other construction would make mere nonsense of all of these sections.

Numerous other provisions of the code, in regard to the undertakings to be given in various stages of an action, to pay the costs which may be awarded against the principal, would be substantially annulled, by affixing the new interpretation to the term costs.

I am not prepared to believe that the Legislature could have intended or expressed so great an absurdity. Nor do I deem it our duty to endeavor to force such a construction upon ambiguous language, against manifest justice as well as the settled practice.

My attention has been pratically called to the case of *Taylor* v. *Gardner*, 4 How. 67, and *Newton* v. *Sweet*, 4 How. 134. But after having carefully looked through them, I am unable to discover any sound principle upon which those provisions can be sustained. In the latter case, the learned justice concedes that such a construction as he adopts seems to be inconsistent with numerous provisions of the code ; but he claims that "there are other provisions, such as the 301st and 371st sections, which plainly recognize the distinction between allowances for costs and fees for disbursements." In regard to both these sections, I must say, that I think that they are more consistent with the meaning here given to the term costs, than with the view taken by the learned justice. Section 301 authorizes the judge in certain cases to "allow to the judgment creditor or to any party so examined, whether a party to the action

or not, witnesses' fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as costs." Now it may be remarked, in the first place, that it is not absolutely certain that the last two words of this section do not refer, as well to the witnesses' fees and disbursements, as to the fixed sum of thirty dollars. But supposing it to refer exclusively to the latter, does it exclude the idea that witnesses' fees and disbursements are also *costs*. I think not. On the contrary it is quite consistent, in my judgment, to say that a fixed sum should be allowed as costs, and the witnesses' fees and disbursements in addition, also, as costs. This is merely describing what kinds or items of costs are allowable in such cases.

Section 371 declares that "the following fees and costs, and no other, *except* fees of officers, shall be allowed on appeals," to a county court. So far from this section drawing a "distinction" between costs and fees, it seems to me clearly to recognize the *fees of officers* as costs. The very exception shows that what follows is of the same nature as that which precedes. One item of costs, however, in the section, is not allowed, viz., disbursements.

These sections are all consistent with the doctrine that costs, as the term is used in the code, are composed,

1. Of the certain sums allowed in lieu of lawyers' fees :
2. Of the fees of officers :
3. Disbursements, such as postage, witnesses' fees, printing bills, &c.

In the first part of section 371, the prevailing party is allowed the first and second of these items of costs, but disallowed the third. But in a subsequent clause, where the court is permitted to award an amount not exceeding ten dollars, the term includes *all* the kinds of costs : and the clause does not authorize the awarding of ten dollars as a substitute for lawyers' fees, and also the fees of officers and disbursements in addition thereto.

I am fully sensible of the inconveniences arising from conflicting decisions in the different branches of this court. But greater evils must flow, in my opinion, from adhering to a decision which essentially changes the meaning of a term so frequently used in the law. I feel at liberty, therefore, to adopt what I consider the true interpretation of this statute.

I may add that on consultation with my brethren of this district, since writing the foregoing, I have reason to believe that they concur in this view of the law. Justice McCoun has recently decided the same question in Westchester, accordingly.

The disbursements and fees of officers cannot, therefore, be allowed; and the motion to strike them out is granted, without costs of motion.