## SUPREME COURT.

WILLIAM WHEELER vs. ROBERT WESTGATE, and two other causes.

In an action of slander, where the plaintiff recovered less than $50 damages, *held*, that he was entitled to recover *the fees of officers and disbursements*, in addition to the amount of costs equal to the verdict.

(The cases of *Taylor* v. *Gardner*, ante, p. 67; *Newton* v. *Sweet*, ante, p. 134, and *Belding* v. *Conklin*, ante, p. 196, commented upon and the latter concurred in.

*General Term, March*, 1850.—Messrs. WELLES, SELDEN and JOHNSON, Justices.

By the Court. JOHNSON, Justice.—These three causes were all actions of slander, in which the plaintiffs severally recovered verdicts for less than $50. The disbursements and fees of officers in each case were nearly or quite $100, and were inserted by the clerk in the judgment, in addition to an amount of costs equal to the verdict in conformity with the rule laid down by Justice HARRIS, in *Newton* v. *Sweet*, 4 How. Pr. R. 134, and *Taylor* v. *Gardner*, id. 67.

Motions were made at the last special term in Monroe county, to strike out all the costs, disbursements and fees of officers, over and above the amount found by the jury in each case, and the justice ordered them to be heard at the general term.

I have looked carefully into those decisions, and the provisions of the code, and entertain no doubt whatever, that the decisions referred to are based upon an imperfect and erroneous view, both of the letter and spirit of the provisions of the code on the subject of costs.

By looking at the 303d section, one object the Legislature had in view will be rendered quite apparent, and that was to abolish all laws giving fees to attorneys, solicitors and counsellors, and give to the prevailing party, instead thereof, a certain sum by way of indemnity for his expenses in the action. And this section declares that this allowance shall be termed costs in this act. Subsequent sections provide for this allowance.

But nowhere have I been able to find any provision declaring that nothing else shall be regarded as costs, or any language that to my mind manifests the least intention on the part of the Legislature to change the well-known signification of the term costs—much less to declare that disbursements and the fees of officers allowed by law, shall no longer constitute a part of the costs of a suit.

On the contrary, I think it quite obvious that they intended only to alter or abolish one portion of the law regulating costs, and gave the prevailing party the same thing in a different form, and declare that that allowance should be termed costs in that act.

The term costs, as used in section 304, obviously, as I think, comprehends all the costs of a suit as heretofore used and understood. It prescribes in what actions costs shall be allowed, of course to the plaintiff, upon a recovery. In the 4th subdivision of that section, which prescribes that in certain actions, among which is the action of slander, if the plaintiff recover less than $50, he shall recover no more costs than damages; it is provided that in certain cases where several actions shall be brought upon the same instrument against several parties who might have been joined, *no costs other than disbursements* shall be allowed in more than one of such actions. This certainly does not indicate any intention " to change the meaning of the term *costs*." On the contrary it expressly recognizes disbursements as costs. By section 305, costs are to be allowed to the defendant of course, in the actions mentioned in section 304, unless the plaintiff be entitled to costs therein. Under this section is not a defendant, who recovers costs, entitled to his disbursements as a part of his costs? In actions of this description there never were but two subjects of recovery—the one, damages as measured by the verdict of the jury, the other, costs following the recovery as prescribed by law. Disbursements, therefore, are to be recovered either as damages or costs.

Did the Legislature intend to change the meaning of the term damages also? It is to be noticed that the provision limiting costs to the amount of damages recovered, is in the exact language of the provisions of the Revised Statutes on the same subject, and was obviously intended to be used in the same sense. If we are to hold that disbursements must be

regarded as part of the damages, scarcely a case would occur in which the prevailing party would not recover full costs, and all the salutary provisions of the statute, limiting costs to the amount of the damages recovered, which are so well calculated to check, if not to punish unworthy and malicious litigation, would be entirely annulled.

This idea, that a new signification has been given to the term costs by the Legislature, seems to be founded principally upon the peculiar phraseology of section 311, which directs the clerk how the judgment shall be made up. The clerk is directed to insert in the entry of the judgment on application, &c. " the *sum of the charges for costs* as above provided, and the necessary disbursements and fees of officers as provided by law." That is, the sum by way of indemnity mentioned in section 303, which is fixed by other sections, and is declared to be costs, and the disbursements and fees of officers which were always costs. The new costs provided by the code as a substitute for the attorney's costs, and the other costs of suit as then allowed by law. This seems to me the plain and reasonable interpretation of section 311, and to be in harmony with all the other provisions of the code providing for parties giving security for costs.

It can hardly be supposed that the Legislature, had they intended really to make the change contended for, would have neglected to make some express provision on the subject, and left it be inferred merely from the directions to the clerk as to the manner of entering up the judgment. That section merely substitutes the clerk for the taxing officer and directs him what items he shall insert in the judgment in addition to the damages recovered. " The necessary disbursements and fees of officers as allowed by law," were always allowed by law as costs to the party entitled to recover costs, and should be still so allowed. Amongst the manifold changes of name and form and substance, whether for good or evil, no changes as I conceive has been made or intended in regard to the necessary disbursements and fees of officers, either in name or character. They are still costs.

Much as I regret to add to the list of conflicting decisions in this court, I feel, nevertheless, constrained to dissent from the conclusions of the learned justice to whose decisions we have been cited; because I regard them not only a manifest misinterpretation of the code, but calculated to encourage and foster a species of litigation which it has always been the policy of our laws to repress. We are unanimously of opinion that the disbursements were improperly inserted, and that the motion to strike out must be granted, but without costs. Since making the above decision, our attention has been called to that of Justice BARCULO, in *Belding* v. *Conklin*, 4 How. Pr. 196, in which we fully concur.